IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

RODNEY TOLBERT, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:19cv557-MHT 
 ) (WO) 
KAY IVEY, Governor, ) 
et al., ) 
 ) 
 Defendants. ) 

 OPINION AND ORDER 
 Pursuant to 42 U.S.C. § 1983, plaintiff, a state 
prisoner, filed this lawsuit against several State 
officials after allegedly being assaulted by another 
inmate. The case is now before the court on the 
recommendation of the United States Magistrate Judge 
that plaintiff’s complaint be dismissed without 
prejudice for failure to state a claim on which relief 
can be granted. Although there are no objections to 
the recommendation, the court, after an independent and 
de novo review of the record, will allow the plaintiff 
an opportunity to amend the complaint rather than 
dismiss it.1 

 In his pro se complaint, plaintiff states that he 
was stabbed by another inmate in the segregation unit’s 

 1. The Prison Litigation Reform Act restricts the 
ability of a pro se inmate such as plaintiff to proceed 
in forma pauperis, and thus avoid paying any filing 
fees to the clerk of court prior to the commencement of 
a civil suit, “if the prisoner has, on 3 or more prior 
occasions ... brought an action ... in a court of the 
United States that was dismissed on the grounds that it 
is frivolous, malicious, or fails to state a claim upon 
which relief may be granted, unless the prisoner is 
under imminent danger of serious physical injury.” 28 
U.S.C. § 1915(g). The Eleventh Circuit Court of 
Appeals has “issued opinions indicating that dismissals 
without prejudice count as ‘strikes’ under the 
statute.” Nunn v. Thompson, No. 2:10CV338-WHA, 2010 WL 
3829643, at *1 (M.D. Ala. Sept. 29, 2010) (Albritton, 
J.) (citing Rivera v. Allin, 144 F.3d 719, 731 (11th 
Cir. 1998), abrogated on different grounds by Jones v. 
Bock, 549 U.S. 199 (2007)). The court notes that the 
United States Supreme Court is set to determine whether 
a dismissal without prejudice for failure to state a 
claim should in fact properly count as a strike against 
prisoners such as plaintiff. See Lomax v. 
Ortiz-Marquez, 754 F. App'x 756, 757 (10th Cir. 2018), 
cert. granted in part, No. 18-8369, 2019 WL 5281291 
(U.S. Oct. 18, 2019). Regardless, because plaintiff’s 
suit is not to be dismissed at this time, with or 
without prejudice, plaintiff’s suit does not, for now, 
constitute a strike. 

 2 
exercise area. See Complaint (doc. no. 1) at 6 ¶ 1. 
He included the names of two officers who brought him 

and other prisoners into the exercise area with 
restraints--described as a belly chain, leg irons, and 
hand cuffs--and then brought their attacker into the 
same area without restraints. See id. Based on this, 

plaintiff alleged “an Eight[h] Amendment violation by 
the defendants due to their failure to protect [him] 
from prisoner-on-prisoner violence.” Id. at 5. But 
plaintiff described the two officers as merely 

“negligen[t]” rather than deliberately indifferent, id. 
at 6 ¶ 1, and did not name them as defendants. 
Instead, he named Governor Kay Ivey, Commissioner 

Jefferson Dunn, and “Commissioner Eddington.”2 As a 
result of these omissions, the court agrees with the 
magistrate judge’s view that the current allegations in 

 2. The court believes plaintiff may be referring 
to Edward Ellington, then the warden of Draper 
Correctional Facility where the alleged assault 
occurred. 
 3 
the complaint fail to state a claim, and will adopt the 
recommendation to that extent. 

 However, the court disagrees with the 
recommendation to the extent that the magistrate judge 
reasoned that granting plaintiff leave to amend the 
complaint would be futile. The magistrate judge opined 

that, “Even if granted an opportunity to amend his 
Complaint to name the guards as defendants, Plaintiff’s 
negligence claim against them would entitle him to no 
relief.” Report and Recommendation (doc. no. 4) at 4. 

While plaintiff used the word “negligent” in his 
complaint to describe the actions of the officers, the 
court does not find this word selection determinative. 

Because plaintiff is pro se and unlearned in the law, 
the court will not assume that his use of the word 
“negligent” reflects an intentional choice of legal 
theory. 

 Although negligent acts on their own do not rise to 
the level of an Eighth Amendment violation, “[a] prison 

 4 
official's ‘deliberate indifference’ to a substantial 
risk of serious harm to an inmate [does] violate[] the 

Eighth Amendment,” to use the language of the United 
States Supreme Court in Farmer v. Brennan, 511 U.S. 
825, 828 (1994). Deliberate indifference is a higher 
standard than negligence and is similar to 

recklessness, where a person “disregards a risk of harm 
of which [they are] aware.” Id. at 837. 
 It is possible that plaintiff could amend his 
complaint to state a viable Eighth Amendment 

deliberate-indifference claim against the two officers 
if he could state facts showing that the officers 
“kn[ew] of and disregard[ed] an excessive risk to 

inmate health and safety” when they placed the 
unshackled prisoner in the exercise area with him. Id. 
Importantly, in order to state a viable claim, “the 
[officers] must both be aware of facts from which the 

inference could be drawn that a substantial risk of 
serious harm exists, and [the officers] must also draw 

 5 
the inference.” Id. However, “a factfinder may 
conclude that a prison official knew of a substantial 

risk from the very fact that the risk was obvious.” 
Id. at 842. It also “does not matter whether ... 
[plaintiff] face[d] an excessive risk of attack for 
reasons personal to him or because all prisoners in his 

situation face such a risk.” Id. at 843. 

 *** 
 Accordingly, it is ORDERED that: 

 (1) The recommendation of the magistrate judge 
(doc. no. 4) is adopted only to the extent that it 
finds that the complaint, as currently drafted, fails 

to state a claim for relief. 
 (2) The magistrate judge shall enter an appropriate 
order granting the plaintiff an opportunity to file an 
amended complaint. 

 6 
 This case is referred back to the United States 
Magistrate Judge for further proceedings. 

 DONE, this the 5th day of November, 2019. 

 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE 

 7